## SHEMWELL v. FINLEY.

Opinion delivered June 13, 1910.

1. APPEAL AND ERROR—HARMLESS ERROR.—Where, on appeal *de novo* from the county court, the circuit court affirmed the judgment of the former court, instead of entering judgment for the appellee, the appellant could not complain. (Page 343.)

2. FERRIES—POWER OF COUNTY COURT TO DISCONTINUE LICENSE.—The county court, when the public welfare requires it, may discontinue a ferry franchise by refusing the annual license for its further exercise. (Page 344.)

Appeal from Greene Circuit Court; *Frank Smith*, Judge; affirmed.

*G. B. Oliver*, for appellant.

*F. G. Taylor;* for appellee.

The circuit court tried the case *de novo*. 53 S. W. 107. It is for the county court to determine the place for the establishment of a ferry that will best promote the public convenience. 41 Ark. 209; 20 Ark. 573. The court shall also determine what tax shall be paid for the privilege, and what toll shall be paid by the public for the use of said ferry. Kirby's Dig., § § 3562, 3564 and 3565. The court could grant license to only one of the parties applying therefor. 126 S. W. 717.

BATTLE, J.   In December, 1908, William Finley filed in the Clay County Court a petition, in which he asked the court to grant him the privilege of operating a ferry across Current River at a certain place where he owned both banks on oppo-: site sides of the river in that county.   He stated that C. R. Shemwell had at one time procured license to operate a ferry across Current River about one mile north of where petitioner's ferry is, and has annoyed him with lawsuits, contesting his right to maintain a ferry when and where he has endeavored to do so, and now claims that he "has no right to have a ferry at the place where there has been a regular ferry for many years and before defendant ever undertook to establish a ferry." He made Shemwell a party defendant to his petition, and asked that the court grant to him the aforesaid privilege and deny to the defendant the privilege of maintaining a ferry within one mile of the ferry sought by petitioner.

Plaintiff gave notice to the defendant of the filing of his petition, and that he would object to the court granting him (Shemwell) license to operate a ferry across Current River within one mile of the place where he was asking to establish a ferry.   In response to this notice the defendant appeared and answered.   Both parties asked for license to operate a ferry across Current River at places within a distance of three-fourths of a mile.   Shemwell had previously established a ferry in such distance.   Under the statute more than one ferry could. not be established within that distance, it not being at or near a city or town (Kirby's Digest, § 3575).   The question was to whom should the license be granted.   Each adduced evidence to prove that his ferry would better accommodate and conserve the interest and convenience of the public than the other.   The county court granted license to the petitioner, and denied it to the defendant, and Shemwell appealed to the circuit court for the Eastern District of Clay County, and the cause was transferred to the Greene Circuit Court.

In the circuit court the issues were tried *de novo*; evidence was adduced by both parties; and the circuit court rendered judgment in favor of the petitioner, and the defendant appealed to this court.

Appellant complains of the judgment of the circuit court, It affirmed the judgment of the county court.   The form of

the judgment is improper. But the circuit court heard the cause *de novo,* and reached the same conclusion the county court did, and in doing so gave great weight to the decision and judgment of the county court. The obvious intent of the circuit court was to render the same judgment the county court did, and did so by affirming it. This was not prejudicial to the defendant.

Did the Clay County Court have the right to discontinue the ferry of appellant? In *Bell* v. *Clegg,* 25 Ark. 26, 29, Mr. Justice COMPTON, speaking for the court, said: "In *Lindsay* v. *Lindley,* 20 Ark. 573, it was decided that where two public ferries had been established at the same place, the question of public convenience was no longer an open one between the owners of the respective ferries, subject to investigation on the occasion of each annual grant of license therefor; or, in other words, that the one owner could not afterwards insist that the ferry of the other should be discontinued because the public convenience did not require both. But in that case the court distinctly waived any expression of opinion as to whether the county court, from considerations affecting the general good alone, had the power, under the statute, to discontinue one or both of the ferries, no such question being then before the court. The question, however, is now presented, and we do not hesitate to hold that the county court, when the public welfare requires it, undoubtedly has the power to discontinue a ferry franchise, by refusing the annual license for its further exercise." *Finley* v. *Shemwell,* 94 Ark. 190.

The question was presented to the county court in this case. The issue was made, and both parties adduced evidence to sustain his ferry. The testimony was conflicting, and opinions differed. In the circuit court evidence was adduced by the parties with the same results. We think the evidence was sufficient to sustain the judgments of both courts.

Judgment affirmed.