HORN *v.* BAKER.

## Opinion delivered October 13, 1919.

APPEALS FROM COUNTY TO CIRCUIT COURT—ORGANIZATION OF ROAD DISTRICT.—Act 48 as amended by Act 103 of the Acts of 1919, undertook to create a road district in Baxter County, and named the county court of that county as the arbiter, giving it the power to approve or disapprove the plans as formulated by the commissioners, and provided for no appeal to the circuit court. *Held,* the circuit court has jurisdiction to review on appeal the action of the county court, relative to the organization of the road district.

Prohibition to Baxter Circuit Court; *J. B. Baker,* Judge; prohibition denied.

*Allyn Smith,* for petitioners.

1. Act No. 48 as amended by Act 103, Acts 1919, named the county court as being the arbiter and gave it power to approve or disapprove the plans of the commissioners and provided for no appeal to the circuit court. The approval or disapproval by the county court was in no sense litigation nor was it an adversary proceeding. It was purely a matter of local concern of administration and legislation. The action of the county court was final and the circuit court had no jurisdiction. The circuit court's judgment has not been carried into effect and its execution can be prevented by prohibition. 25 Ark. 567.

2. The matter of the approval of the plans as provided by Act 48 as amended did not call for the exercise of a judicial function and was not a judicial act and the act provided for no appeal and the county court's judgment was final and conclusive. 35 Ark. 74; 31 Kan. 125; 211 U. S. 210; 214 S. W. 380. The action of the circuit court was an usurpation of jurisdiction and its judgment void and prohibition will lie. *Supra.*

*Rose, Hemingway, Cantrell & Loughborough* and *Williams & Seawel,* for respondent.

1. Even if the circuit court was without jurisdiction, the Baxter Circuit Court has finally adjourned and

its judgment was final unless the court may exercise further control over same, such as injunctions, etc. 101 Ark. 106; 100 *Id.* 496; 89 *Id.* 160; 115 *Id.* 317. It follows that the order of the circuit court on the appeal became final. The office of prohibition is preventive, not corrective, and now there is nothing to prohibit. 32 Cyc. 603; 71 S. W. 1008-9; 111 N. E. 851.

2. The writ of prohibition is never granted unless the inferior tribunal has clearly exceeded its authority and the party has no other protection against the wrong done by such usurpation. 33 Ark. 191; 66 *Id.* 211; 73 *Id.* 66; 96 *Id.* 332, 339.

3. But if the writ does lie, the circuit court did have and obtain jurisdiction of the subject-matter and parties, and hence the writ should be denied. Art 4, §§ 1 and 2, Constitution 1874, and art. 7, § 1 *Ib.;* 72 Ark. 180; 33 *Id.* 508; 43 *Id.* 62-67; 43 *Id.* 42; 51 *Id.* 159; 79 *Id.* 505.

4. An appeal lies to the circuit court from the county court. 135 Ark. 85; 33 *Id.* 508, 515; 109 *Id.* 11; Kirby's Digest, § 1487; 120 Ark. 277. This is merely an attempt to substitute this proceeding for an appeal or certiorari and neither is allowable here. 125 Ark. 155. The petition should be dismissed.

SMITH, J. This is an application for a writ of prohibition to restrain the circuit court of Baxter County from exercising an alleged unlawful and excessive jurisdiction in relation to the approval of the plans formulated by Road Improvement District No. 1 of Baxter County and filed with the county court for approval. The county court refused to approve the same and an appeal was taken to the circuit court. When the cause came on for hearing in the circuit court, the relators herein filed their motion to dismiss the appeal because the circuit court had no jurisdiction, on the ground that the matter was purely administrative or legislative in its character, and in no sense the exercise of a judicial function, and that no provision was made in the act for an

appeal from the refusal of the county court to approve the same, and that the circuit court had no jurisdiction on appeal. The court held that it did have jurisdiction and overruled the motion and proceeded to a final hearing of the appeal on its merits, and reversed the judgment of the county court and entered an order approving the plans of the commissioners.

Several questions of pleading have been raised which we need not now consider or decide as the parties during the oral argument agreed that the petition filed herein might be treated as an application for a writ of *certiorari* to bring before the court for review the alleged void order of the circuit court made upon the appeal from the county court.

The petitioners state their position as follows:

"The Legislature, in the act providing for the creation and improvement of Road Improvement District No. 1, Act 48, as amended by Act 103 of the Laws of 1919, named the county court as being the arbiter and gave it the power to approve or disapprove the plans as formulated by the commissioners, and it provided for no appeal to the circuit court. The approval or disapproval by the county court was in no sense litigation. The proceeding was in no sense adversary. It was purely a matter of 'local concern,' of administration and legislation. Its action was final."

There is nothing in the act referred to, however, which indicates that the county court was to act in this instance in any manner other than as it ordinarily acts in the disposition of the administrative matters over which it is given jurisdiction by the Constitution. The act provided that the commissioners should prepare the plans for the improvement and should submit these plans to the county court for its action. Was the action of the county court final? We think not. It must be true that, if the action of the county court in refusing to approve the plans of the commissioners is final, its action in approving the plans—had that action been taken—would also have been final. That view would result in saying

that the county court is a forum whose orders and judg-
ments made in the exercise of its exclusive original juris-
diction under section 28 of article 7 of the Constitution
are final and beyond review. This is the section confer-
ring jurisdiction upon the county court in matters of "in-
ternal improvement and local concerns of the respective
counties." Counsel for petitioners say that such is the
effect of that section and quote from the case of *Russell*
v. *Jacoway,* 33 Ark. 191, the following language in sup-
port of that view:

"The removal of the county seat is manifestly a
local concern of the county, over which the county court
has exclusive original jurisdiction; and its authority to
determine for itself, whether the conditions exist upon
which the removal is required, is unquestionable. *Black-
burn ex parte, supra.*"

We think counsel have misinterpreted that opinion.
It was not there decided that the circuit court would
not review on appeal the action of the county court taken
in the decision of an administrative matter. The court
simply decided that original jurisdiction over the mat-
ter in controversy rested in the county court, and that
the circuit court could not interfere before the county
court had exercised its jurisdiction in reference thereto.

The question raised is not a new one. The case of
*Dodson* v. *Mayor, etc.,* 33 Ark. 508, was a proceeding to
annex certain territory to the city of Fort Smith. The
county court heard the petition, rejected it and denied its
prayer, whereupon the city appealed to the circuit court.
The matter was then heard *de novo* after a refusal to dis-
miss for want of jurisdiction. The circuit court on ap-
peal held that the prayer of the petition should be
granted and the territory was ordered annexed. Upon
the appeal of the remonstrants prosecuted to this court
it was contended that the finding and judgment of the
county court was final and conclusive; but, in disposing
of that contention, it was there said:

"By the Constitution of 1874 (schedule, section 23),
the county courts were made successors and mere con-

tinuations of the former boards of supervisors of the counties, and were given exclusive original jurisdiction in all matters necessary to the internal improvement and local concerns of their respective counties (article 7, section 28). All laws then in force, not in conflict with the new Constitution, were continued until amended or repealed (schedule, section 1). By the laws then in force (Gantt's Digest, sections 706 and 1191) appeals lay in all cases, by persons aggrieved, to the circuit court from the final judgments or orders of the boards of supervisors. This applies now to the county courts, and it is plain that the circuit court properly entertained jurisdiction of this appeal, and it was further the duty of the circuit court to retain jurisdiction of the subject-matter for final judgment, in the same manner and to the same extent as though original jurisdiction had been conferred on said circuit court by law. (Gantt's Digest, sec. 1195.)''

The case of *Gunter* v. *Fayetteville,* 56 Ark. 188, was also a proceeding to annex territory to a city, and, in construing the statute under which that proceeding was had, the court said:

''The statute probably did not contemplate the allowance of an appeal in this class of cases, for the legislation is borrowed from States where the acts prescribed to be performed by the county court in our act are administrative purely, and where no appeal is allowed. But the right to appeal has been found elsewhere, and is established by the decisions of this court. *Dodson* v. *Ft. Smith,* 33 Ark. 508; *Foreman* v. *Marianna,* 43 Ib. 324; *Vestal* v. *Little Rock,* 54 Ark. *sup.*''

The case of *Shemwell* v. *Finley,* 95 Ark. 342, originated in the county court, the issue there being which of two proposed ferries would better accommodate and conserve the interest and convenience of the public. The establishment of ferries is one of the matters over which the county court is given exclusive original jurisdiction by section 28 of article 7 of the Constitution. The cause was appealed to and heard in the circuit court, and

an appeal was duly prosecuted to this court, where the issue determined was not whether the circuit court had the right to try the case *de novo* but whether it had in fact done so, the reversal of the judgment of the circuit court being asked upon the ground that the circuit court had not tried the case *de novo*. This court held that the cause had been tried *de novo* and affirmed the judgment of the circuit court.

By section 33 of article 7 of the Constitution it is provided that:

"Appeals from all judgments of county courts or common pleas when established may be taken to the circuit court under such restrictions and regulations as may be prescribed by law."

Under the authority of this section appeals have been uniformly granted as a matter of constitutional right from all judgments of the county court, and no distinction has been made between administrative matters and judicial causes. See cases cited in respondent's brief.

The contention that no appeal could be taken, because that right was not provided for by the act, is answered by the opinion of this court in the case of *Huddleston* v. *Coffman*, 90 Ark. 219. That case involved the allowance of an attorney's fee in a proceeding to establish a drainage district. The statute under which the drainage district had been organized provided for an appeal from the county court to the circuit court on certain issues and also specified the time and manner of taking the appeal; but no provision was made for an appeal from an order of the county court allowing attorney's fees, and the contention was made that the right of appeal therefore did not exist. The court said, however, that section 14 of article 7 of the Constitution conferred the right of appeal, and, as the statute under review had not conferred that right, the appeal could be taken under the general statute governing appeals from county courts.

We are not, of course, attempting to affirm the judgment of the circuit court in reversing the order of the

county court and approving the plans of the commissioners. That is a question which can come before us only on appeal. It is sufficient to dispose of the issues raised in the present case to hold that the circuit court had the jurisdiction to review on appeal the action of the county court; and as the county court had that jurisdiction, the prayer of petitioners will be denied.