BARKER *v.* WIST.

## Opinion delivered April 7, 1924.

1. COURTS—APPEALS FROM COUNTY COURTS.—In hearing appeals from the county court, the circuit court hears all cases *de novo*, whether administrative matters or judicial causes, so that, on appeal from an order of the county court creating a new township, the circuit court had jurisdiction to make an adverse finding on the same testimony that was heard by the county court.

2. APPEAL AND ERROR—APPEALS FROM CIRCUIT COURT.—On appeal from the circuit court the Supreme Court does not try the case *de novo*, nor try the case on the preponderance of the evidence.

Appeal from Madison Circuit Court; *W. A. Dickson*, Judge; affirmed.

*Sullins & Ivie*, for appellant.

The county court is vested with power, and it is its duty, to divide the county into convenient townships and to subdivide those already established as occasion may require. Sections 10288, 10290, C. & M. Digest. It is a general principle that appellate courts will not review questions the determination of which rest in the sound discretion of the lower court. 7 R. C. L., p. 1073, § 110. The circuit court should not have interfered with the finding of the county court, unless it had different facts to base its decision on. No evidence was taken, and the case was submitted on the record made in the county court.

SMITH, J. A petition was filed by appellants and one hundred other citizens of Kentucky Township, in Madison County, with the county court of that county, praying the court to organize a new township, to be known as Pettigrew Township, out of a portion of Kentucky Township. A remonstrance was filed by appellees and eighty-eight other citizens of Kentucky Township. The court made an order creating a new township, and appellees prayed and perfected an appeal to the circuit court.

The judgment of the circuit court recites that the cause "was submitted to the court upon the pleadings and petitions and remonstrances, maps, and plats, and

agreement of counsel as to the facts," and the court found the issues for the remonstrants, and adjudged that the order of the county court be vacated and. set aside, and the petitioners for the organization of the new township have appealed to this court.

It is asserted that the circuit court heard only the same evidence as was submitted to the county court, and it is insisted that, inasmuch as the county court had found from this evidence that the township should be organized, the circuit court was without jurisdiction to find against the new township on the same testimony. It is the insistence of the appellants that the question of dividing the territory of a county into townships is a matter within the discretion of the county court, and, if subject to review at all by the circuit court, the orders of the county court can be set aside only upon a showing of an abuse of discretion on the part of the county court.

Learned counsel misapprehend the function of the circuit court in these matters.

In the case of *Horn* v. *Baker,* 140 Ark. 168, we said that, upon the authority of § 33 of article 7 of the Constitution, appeals have been uniformly granted as a matter of constitutional right from all judgments of the county court to the circuit court, and no distinction had been made between administrative matters and judicial causes, and that appeals were heard *de novo.* The subject was there thoroughly considered, and the authorities need not be again reviewed.

It was therefore within the power of the circuit court to make a finding on the same testimony heard by the county court adverse to the finding of the county court. This results from the fact that the circuit court hears the cause *de novo.* It is from the circuit court that the appeal comes to this court, and we do not try the case *de novo,* and, as it does not appear that the judgment of the circuit court was arbitrary, but was based upon a showing that there was no necessity for the creation of a new township, that judgment must be affirmed, for we

do not, on an appeal from the circuit court to this court, consider the question of the preponderance of the testimony. The judgment of the circuit court is therefore affirmed.