## EX PARTE GRAYSON

### Opinion delivered November 30, 1925.

1. FERRIES—RIGHT TO KEEP.—Under Crawford & Moses' Dig., § 4694, the preference right to keep a public ferry is given to the person owning the land fronting on any navigable stream, and, if he owns or controls the land on both banks, he is entitled to the exclusive right of ferriage at such place.

2. FERRIES—CONTINUANCE AND DISCONTINUANCE.—While public ferries are established for the accommodation of the public rather than for the gain and advantage of individuals, yet, when a ferry franchise is once granted and a ferry is established under it, the privilege continues, subject to the power of the county court to discontinue the same when the public interest or convenience demands it.

3. FERRIES—ARBITRARY DISCONTINUANCE.—A county court has no power arbitrarily to discontinue a ferry franchise by refusing to grant the annual license for its exercise, in the absence of evidence showing that such discontinuance is required by the public interest or convenience.

Appeal from Woodruff Circuit Court, Northern District; *E. D. Robertson,* Judge; reversed.

*John E. Miller* and *Culbert L. Pearce,* for appellant.

*W. J. Dungan, amicus curiae.*

HART, J. T. E. Grayson prosecutes this appeal to reverse a judgment of the circuit court denying and dismissing his application to operate a ferry across White River at the mouth of Taylor's Bay in Woodruff County, Ark.

On July 17, 1925, T. E. Grayson filed his application for his annual license to operate a public ferry across White River at the mouth of Taylor's Bay in Woodruff County, Ark. His petition alleged that he owned the land on both banks of the river at that place, and that there was not then in operation any ferry on said river within one mile of the land in his possession on both banks of the river; that he had heretofore operated a public ferry under an annual grant of license by the county court; that the operation of a ferry at that point was necessary for the public convenience, and that

he had the exclusive right to operate a ferry at that point. He filed the bond required by the statute. On the same day his application was heard by the county court, and a judgment was entered denying him license to operate a ferry as prayed for in his petition. Grayson duly prosecuted an appeal to the circuit court.

T. E. Grayson was a witness for himself. According to his testimony, he had been operating a ferry at the mouth of Taylor's Bay on White River near Augusta for four years under an annual license from the county court. People and property are conveyed across the river and the mouth of Taylor's Bay at the same time. T. E. Grayson is in possession of the land on both banks of the river at that point, either by deed or by lease. He was ready to pay the annual license fee for operating the ferry. During the preceding year, from ten to fifteen persons a day used the ferry, and the travel consisted of people from all the country.

On cross-examination he testified that the people living between the Bay and east of White River only crossed the Bay. The river is entirely in Woodruff County at the point where the ferry is located.

Other witnesses corroborated the testimony of T. E. Grayson, and in addition testified that the operation of a ferry at that point was necessary for the public convenience; that the road leading from Augusta to this ferry had been in use for forty or fifty years, and that the road on the west of the river from the ferry had been there about the same length of time. The road on the west side of the ferry forks, and one prong runs in a northwesterly direction, and the other runs in a westerly direction. There is another ferry on White River near Augusta which is four and one-half miles by water and two and one-half by land from the ferry in question. This was all the testimony introduced on the question.

Under our statute the preference right to keep a public ferry is given to the person owning the land fronting on any navigable stream, and, if he owns or controls the

land on both banks, he is entitled to the exclusive right of ferriage at such place. Crawford & Moses' Digest, § 4694.

The preference which the statute accords to Grayson as owning and controlling the land on both banks of the river was observed by the county court in granting him a license to operate a ferry at that place. The ferry so established was not within one mile of any other public ferry, and he had held and enjoyed the exclusive right to operate such ferry for four years prior to his application for his annual license in the present case.

It is true that public ferries are established for the accommodation of the public, rather than for the gain and advantage of individuals; but it is the settled law in this State that when a ferry franchise is once granted, and a ferry is established under it, the privilege continues subject to the power of the county court to discontinue the same when the public interest or convenience demands it. *Murray* v. *Menefee*, 20 Ark. 561; *Lindsay* v. *Lindley*, 20 Ark. 573; *Bell* v. *Clegg*, 25 Ark. 26; *Shemwell* v. *Finley*, 95 Ark. 342; and *Munn* v. *Shults*, 130 Ark. 291.

While the county court has the power to discontinue a ferry franchise by refusing the annual license for its further exercise when the public welfare requires it, still there must be some foundation in fact for the exercise of such power.

In the case at bar, Grayson adduced evidence to sustain his ferry; and none whatever was introduced tending to show that the public convenience or welfare required it to be discontinued. Under these circumstances the action of the county court in refusing to grant the license was an arbitrary act on its part, and the action of the circuit court to the same effect was also arbitrary in law, because no evidence was introduced tending to show that the public convenience or welfare would be promoted by denying the right of Grayson to operate the ferry at the place where it had been established and

operated for several years next preceding his application for his annual license under the statute.

It follows that the judgment will be reversed, and, inasmuch as the cause appears to have been fully developed, the circuit court will be directed to enter a judgment in favor of T. E. Grayson and certify it down to the county court, to the end that his annual ferry license may be granted.