GARLAND COUNTY BOARD OF ELECTION COMMISSIONERS
v. ENNIS.

5-1289                                        302 S. W. 2d 76

Opinion delivered May 20, 1957.

R. Julian Glover, for appellant.

E. C. Thacker, for appellee.

PAUL WARD, Associate Justice. On September 18, 1956, a petition was filed in the Garland County Court, signed "Garland County Board of Election Commissioners, By R. Julian Glover, its Attorney." In this petition it was alleged that, due to changes in modes of travel and in population, etc., certain rural townships in the county "should be abolished, annexed and consolidated as follows:" (Here is set out in detail the proposed changes in several townships.) The prayer was that the matter be set for hearing by the Court on October 2, 1956, after advertising notice of said hearing for two weeks in a newspaper. Following the petition, in the record, appears (with no filing date) a petition signed by 28 people asking to retain the voting place in Buckville Township.

On October 2, 1956 E. C. Thacker as attorney for a number of affected citizens filed a motion to continue the hearing until after the November 1956 election. This motion was evidently granted, because the Board of Commissioners (appellants) filed an amendment to their

petition (affecting certain townships) on November 20, 1956, and on the same day, respondents (appellees) filed a response to the petition, and also a motion to dismiss. Among other things, it was stated that the County Board of Election Commissioners was not a legal entity and had no authority to institute such an action.

On December 5, 1956 the matter was presented to the County Court on the above pleadings and on "testimony *ore tenus* on behalf of the petitioners and protestants," and the Court found "That the petition and amended petition of the petitioners should be granted as changed and set out in this order." (The changes in the several townships are set out in detail.) On the following day respondents filed an affidavit for an appeal to the Circuit Court which was granted on the 17th of December, 1956.

*In the Circuit Court,* appellants filed an amendment to their petition, on January 8, 1957, setting forth the names of the County Board of Election Commissioners, and stating that they were qualified electors and taxpayers of Garland County.

On January 24, 1957 the matter came on for hearing on the pleadings and the transcript from the County Court. The trial Court took the view that there was no necessity for it to hear the cause upon its merits, for the reasons that the County Board of Election Commissioners lacked legal capacity to bring the action in the County Court, and also that the amendment to the petition filed in the Circuit Court should be stricken. The Court thereupon reversed the judgment and action of the County Court and dismissed the cause of action. This appeal follows.

Under our view of this matter it is unnecessary to decide whether the County Board of Election Commissioners is a legal entity and as such had the right to institute and maintain the cause of action, or whether appellants had a right to amend their petition after

the appeal from the County Court had been lodged in the Circuit Court. There is no question we think but that this matter was properly before the County Court regardless of who was the initiating party. Under Ark. Stats. § 18-101 the County Court itself could have initiated this proceeding. This section reads as follows: "The county court of each county in this state, shall from time to time, as occasion may require, divide the county into convenient townships, subdivide those already established, and alter township lines." Moreover the protestants (appellees) themselves appeared in the County Court and sought affirmative relief. When the County Court's judgment was adverse to the respondents they had a right under Ark. Stats. § 27-2001 to prosecute an appeal to the Circuit Court which they did in this case. When the cause of action reached the Circuit Court the matter then should have been heard *de novo* as provided by Ark. Stats. § 27-2006. In the case of *Barker* v. *Wist*, 163 Ark. 511, 260 S. W. 408, this court reiterated that ". . . appeals have been uniformly granted as a matter of constitutional right from all judgments of the county court to the circuit court, and no distinction has been made between administrative matters and judicial causes, and that appeals were heard *de novo*."

It was therefore the duty of the Circuit Court to hear any evidence that either side desired to present.

In the order of the County Court it is stated that the matter was heard on oral testimony. We presume, since such oral testimony is not included in the record before us, that it was not in the transcript on appeal to the Circuit Court. If however such testimony was in the transcript on appeal to the Circuit Court and if no other testimony is presented, the trial court should make its decision on the same testimony and pleadings that were presented to the County Court, as was done in the *Baker* case, *supra*.

The cause of action is therefore reversed and remanded to the Circuit Court with directions to proceed in a manner consistent with this opinion.