**Y. R. CALDWELL et al., Appellants,**

v.

**BOARD OF ELECTION COMMISSIONERS OF GARLAND COUNTY, Appellee.**

No. 5–3014.

Supreme Court of Arkansas.

May 27, 1963.

Richard W. Hobbs, Hot Springs, for appellant.

R. Julian Glover, Hot Springs, for appellee.

WARD, Justice.

One phase of this litigation has already been before this Court. In the case of Garland County Board of Election Commissioner v. Ennis, 227 Ark. 880, 302 S.W. 2d 76, we held that the matter of abolishing certain townships (and combining them with other townships) was properly before the circuit court on appeal from the county court.

Upon remand the circuit court heard testimony from those opposing abolition of the townships, overruled their motion to dismiss, and then affirmed the order of the county court of December 5, 1956 which abolished certain designated townships and consolidated them with other townships.

The appellants, who are citizens and taxpayers of the abolished townships, seek, on appeal, to reverse the judgment of the circuit court on the grounds hereafter discussed.

■ *One*. The primary contention of appellants is that Ark.Stat.Ann. § 18–101 (Repl.1956) does not invest the county court with power to abolish townships. This section reads as follows:

"The county court of each county in this State, shall from time to time, as occasion may require, divide the county into convenient townships, subdivide those already established, and alter township lines."

Although this section has apparently never been construed by this Court, we think its language, when read together with related sections, makes appellants' contention untenable. It will be noted that under the quoted section the county court not only has the power to make the initial division, but it also has the power to make divisions "from time to time". We can only conclude from the wording of the section that the legislature meant to give county courts full power over formation of townships in their respective counties—including the power to abolish townships already formed. Section 18–103 directs the county clerk to report to the Secretary of State the establishment of any "new township" which seems to confirm what we have just said. Actually the county court's order "abolishes" nothing of substance, but merely assigns a name to a newly formed township.

■ *Two*. Appellants next challenge the sufficiency of the evidence to sustain the judgment of the circuit court. The

petitioners, in asking the county court to abolish certain townships and combine them with others, gave as justification the improved conditions of transportation and the financial savings that would result to the county. This was not questioned by appellants. However, they presented testimony by residents of the several townships to show certain inconveniences would result to the people affected. In Davis Township some people would have to travel eight to twelve miles further to vote; In Wheatley Township some would be forced to travel about six miles further; In other instances the extra distance for some to travel was said to be from one to seven miles. On the other hand there was no showing that, with improved roads and improved modes of transportation, these people would be seriously inconvenienced. In the face of the record, as above indicated, we cannot say there was no substantial evidence to support the judgment of the trial court. In the case of Brkker v. Wist, 163 Ark. 511, 260 S.W. 408, this Court considered an appeal from the circuit court on a matter which had been appealed to it from the county court. In that case we said:

"It is from the circuit court that the appeal comes to this court, and we do not try the case de novo, and * * * we do not on an appeal from the circuit court to this court consider the question of the preponderance of the testimony."

■ *Three*. Appellants say the trial court failed to pass upon appellants' motion to dismiss and upon Giles Evans' intervention because the court was of the opinion those questions were foreclosed by our opinion in the Ennis case, supra. It is contended this was error on the part of the trial court. An examination of the written findings included in the judgment negates this contention. A portion of such findings reads: " * * * the motion to dismiss filed herein on behalf of the respondents was considered by the court and the same was denied, and the motion to dismiss filed

herein on behalf of the intervenor was likewise considered by the court and the same was denied."

The trial court's judgment, in part, reads: " * * * the order of the Garland County Court, dated December 5, 1956, is in all things affirmed and approved." Finding no error, we affirm the judgment of the trial court.

Affirmed.