The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, AR 72543
Dear Representative Thurman:
This is in response to your request for an opinion on several questions in connection with the City of Heber Springs' annexation of part of the Valley Township. You state that the Heber Springs City Council assigned the annexed area to Ward 1 of Heber Springs. The current Constable of Valley Township lives in the annexed area. Your questions in this regard are as follows:
 1. Do the Township Lines of Valley and Heber Springs change? If so, what procedure is necessary to do so?
 2. In light of the Constable's residence, which Township will he be running for?
 3. If the Township lines do not change, will it now be necessary to have a Valley Inside and a Valley Outside Box for elections?
 4. For those voters living in the annexed area of Valley Township, which ballot will they utilize, Valley of Heber Springs Ward 1?
I assume that your first question pertains to the township lines of Valley Township and Heber Springs Township. The answer to this question is, in my opinion, "no". Township lines are generally not altered as a result of the annexation of territory by a municipality. In accordance with A.C.A. § 14-14-401(b):
 The political townships of the respective counties of this state which were in effect at the time of the adoption of Arkansas Constitution, Amendment 55, as they have been or may hereafter be altered in the manner authorized by law in effect on the effective date of Amendment 55, are continued for such purposes as is or may be prescribed by the Arkansas Constitution or by law and for such other purposes as may be appropriate. [Emphasis added.]
At the time of the adoption of Amendment 55, county courts had the authority to alter township lines. See generally Garland County Board of Election Commissioners v. Ennis, 227 Ark. 880, 302 S.W.2d 76
(1957); Caldwell v. Board of Election Commrs., 236 Ark. 719,368 S.W.2d 85 (1963). It may thus reasonably be concluded that action by the county court would be necessary in order to effect a change in township lines.
In response to your second question, A.C.A. § 14-14-1301(b)(2) states: "There shall be elected in each township, as preserved and continued in § 14-14-401, one (1) constable who shall have the qualifications and perform such duties as may be provided by law." And in accordance with A.C.A. § 14-14-1306(a), all township officers shall reside within their respective townships. It must therefore be concluded that the incumbent constable, if otherwise qualified, can be a candidate for the Valley Township constable position. It appears, according to the facts set forth in your correspondence, that he would not qualify for the Heber Springs Township position since, as noted above, the township lines are not altered as a result of the annexation.
With regard to your third and fourth questions, these matters are generally within the authority and responsibility of the county board of election commissioners. See generally A.C.A. §§ 7-4-107
and 7-5-207. Under Section 7-4-107(a), the board of election commissioners "shall proceed to establish and allocate a sufficient number of ballot boxes in each precinct or polling place not using voting machines." (I assume, from your reference to a "box" and "ballot", that this precinct uses paper ballots.) A determination with regard to the sufficiency of the ballot boxes is, therefore, in the hands of the election commissioners, and should take into account the particular facts and circumstances of the election. Separate ballot boxes, and ballots, may be necessary in order to ensure that electors in the annexed territory have an opportunity to vote in the Valley Township constable race. This is, in my opinion, the prime consideration in addressing your third and fourth questions. The mechanics for achieving this goal are, however, to be established by the board of election commissioners.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb
One exception, which does not appear to be applicable in this instance, is found in A.C.A. § 14-40-408, which states:
 When any municipality in this state shall include within its limits territory situated in two (2) or more counties, the territory situated in each county shall be a separate township and shall be established as such by the county courts of the respective counties.