The Honorable Richard L. Barclay State Representative P.O. Box 279 Rogers, AR 72757
Dear Representative Barclay:
This is in response to your request for an opinion regarding township boundaries in Arkansas. Your specific questions are as follows:
 1. Is there some procedure for changing or altering the boundaries of a township?
 2. If there is some procedure, what is the procedure and who has the authority to change or alter the township's boundaries?
As you have noted, A.C.A. § 14-14-401 addresses the continuation of townships, and states in pertinent part that:
 [t]he political townships of the respective counties of this state which were in effect at the time of adoption of Arkansas Constitution, Amendment 55, as they have been or may hereafter be altered in the manner authorized by law in effect on the effective date of Amendment 55, are continued for such purposes as is or may be prescribed by the Arkansas Constitution or by law and for such other purposes as may be appropriate.
A.C.A. § 14-14-401(b).
At the time of adoption of Amendment 55, the procedure in place for changing or altering township lines was found at Ark. Stat. Ann. §§ 18-101 to -105 (Repl. 1956). County courts were given the authority under these provisions to ". . . divide the county into convenient townships, subdivide those already established, and alter township lines." Ark. Stat. Ann. § 18-101. See alsogenerally Caldwell v. Board of Election Commrs.,236 Ark. 719, 368 S.W.2d 85 (1963); Garland County Board of ElectionCommrs. v. Ennis, 227 Ark. 880, 302 S.W.2d 76 (1957).
As you have also noted, however, and as the legislative history notes to Ark. Stat. Ann. §§ 18-101 to -107 indicate, these statutes were repealed by Section 117 of Act 742 of 1977, the enabling legislation to Amendment 55.[1] Particularly significant for purposes of your inquiry is the fact that the language cited above under A.C.A. § 14-14-401(b) was not contained in Act 742 of 1977, but rather was subsequently added through amendment by Act 413 of 1979. See Acts 1979, No. 413, § 4.
It thus seems clear that the legislature intended, through passage of the 1979 act, for township lines to be altered in accordance with procedures in place at the time of Amendment 55's adoption. As previously noted, county courts were authorized at that time to alter township lines.[2] One might contend, therefore, that this is the applicable procedure. The question arises, however, whether the legislature lawfully adopted this procedure in 1979 when it referenced, in A.C.A. § 14-14-401(b),supra, the "law in effect on the effective date of Amendment 55." As noted, that law was repealed in 1977. This set of circumstances implicates the Arkansas Constitutional prohibition against revival, amendment or extension of laws by reference. Article 5, § 23 of the Arkansas Constitution states:
 No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but only so much thereof as is revived, amended, extended or conferred shall be reenacted and published at length.
The Arkansas Supreme Court has interpreted this prohibition as an effort to prevent evils referred to as "blind legislation." SeeHollis Co. v. McCarroll, 200 Ark. 523, 140 S.W.2d 420 (1940), at n. 4. The evil has been identified as follows:
 Where the new act is not complete but refers to a prior statute which is changed so that the legislative intent on the subject can only be ascertained by reading both statutes, uncertainty and confusion will exist and this constitutes the vice sought to be prohibited by [art. 5, § 23].
State v. McKinley, 120 Ark. 165, 167, 179 S.W. 181 (1915).
According to the court, the purpose intended to be served by the constitutional limitation is that:
 . . . statutes shall carry on their face sufficient that, by an inspection, their import may be known. . . . Amendments were made by merely striking out or inserting a phrase or a word. Statutes repealed, and perhaps for that reason omitted from compilations, were revived by reference to title only. Existing laws or provisions of the laws of the same or other jurisdictions were adopted by mere reference. All of these legislative practices frustrated the broad purpose of these constitutional limitations and constituted `blind legislation.'
Hollis Co. v. McCarroll, supra, at n. 4.
The court has, however, recognized the validity of "reference statutes," that is, "statutes in form original, and in themselves intelligible and complete — `statutes which refer to, and by reference adopt, wholly or partially, pre-existing statutes. . . .'" Hall v. Ragland, 276 Ark. 350, 355,635 S.W.2d 228 (1982) (citiation omitted).
The offending aspect of § 14-14-401(b) is not that it refers to another law. The problem arises, in my opinion, from the previous repeal of the referenced law. It may be contended that §14-14-401(b) sought to, in essence, "revive" the law that, although effective upon passage of Amendment 55, was subsequently repealed. See, e.g., Hollis Co., supra, wherein the court notes, in response to an argument under art. 5, § 23, that "Act 364 makes no reference to the title of act 154. When act 364 was approved March 16, 1939, act 154 was still in effect."200 Ark. at 525. The failure to reenact and publish this law at length may, therefore, offer a basis for challenge under art. 5, § 23.
It is thus my opinion that there are serious questions concerning applicable procedures for changing or altering township lines. While it appears that the legislature intended, under A.C.A. §14-14-401(b), to vest county courts with this authority, subject to review in circuit court, it may be forcefully argued that this goal was not accomplished. My review has disclosed no other laws governing alteration of township lines. Corrective legislation may, therefore, be indicated.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Amendment 55 was approved on November 5, 1974. Sections 1 and 4 of the amendment became effective January 1, 1977, and the remaining sections were effective upon adoption.
[2] The county court's determination may be appealed to the circuit court. A.C.A. § 16-67-201; Ark. Const. art. 7, § 33.See also generally Garland County Board of ElectionCommr's. v. Ennis, supra.