The Honorable Billy Joe Purdom State Representative Route 1, Box 135B Yellville, Arkansas 72687-9605
Dear Representative Purdom:
This is in response to your request for an opinion on the following two questions:
 1. Marion County has twenty-eight townships and nine justice of the peace districts. May we combine our townships and justice of the peace districts, and make the township and justice of the peace district boundary lines the same?
 2. If the answer is yes, what is the process used in making the changes?
The answer to both of your questions is unclear under current law.
Some clarification of terms is necessary prior to addressing your questions. I assume that by using the term "justice of the peace districts" you are referring to quorum court districts, which are required by Amendment 55, § 2 of the Arkansas Constitution to be drawn by the county board of election commissioners after each decennial census and which are required to be of substantially equal population. The number of such districts in a particular county may range from nine to fifteen, depending upon the population of the county. See A.C.A. §14-14-402(1987). One "quorum court member" is elected from each district. These districts are thus governed by state law, and their establishment and composition is within the discretion of the county board of election commissioners.
"Townships," on the other hand, are political subdivisions which appear to have little remaining efficacy save for the election of constables and the operation of certain "wet/dry" "local option" statutes. See Arkansas Constitution art. 7, § 47 (election of constables), and A.C.A. § 3-8-205
(Cum. Supp. 1993) (local option elections). (Justices of the peace were formerly elected by "township" but this procedure has been replaced by the quorum court districts mentioned above.)
I assume, therefore, because the number and composition of quorum court districts is set by state law, that the proposed action you suggest would involve the alteration or abolishing of townships in the county. That is, I assume that the County wishes to abolish or combine the townships into nine surviving townships, the boundaries of which will be coextensive with the quorum court districts, rather than to increase the number of quorum court districts above or below the required number of nine.[1] You have inquired as to the proper procedure to accomplish this changing of township boundaries or abolishing of townships.
I issued an opinion in 1991 on a similar question. See Op. Att'y Gen.91-319 (copy enclosed). The question addressed in that opinion involved the procedure for changing or altering the boundaries of a township. It was noted therein that such a procedure clearly existed prior to the adoption of Amendment 55 to the Arkansas Constitution and Act 742 of 1977 (the enabling legislation to Amendment 55). The procedure was found in the former statutes at Ark. Stat. Ann. §§ 18-101 to -105 (Repl. 1956). County courts were given the authority to ". . . divide the county into convenient townships, subdivide those already established, and alter township lines." This authority included the authority to "abolish" townships. See Caldwell v. Board of Election Commissioners,236 Ark. 719, 368 S.W.2d 85 (1963). An appeal of the county court's action was provided to the circuit court. See Garland County Board of ElectionCommissioners v. Ennis, 227 Ark. 880, 302 S.W.2d 76 (1957), and former Ark. Stat. Ann. § 27-2001, now A.C.A. § 16-67-201.
The problem with using this procedure now is that the statutes authorizing it were repealed by Act 742 of 1977, at § 117. The legislature, however, in 1979, attempted to revive this old law, by the enactment of Act 413 of 1979, which now appears in the Arkansas Code at A.C.A. § 14-40-401(b). This provision states as follows:
 (b) The political townships of the respective counties of this state which were in effect at the time of the adoption of the Arkansas Constitution, Amendment 55, as they have been or may hereafter be altered in the manner authorized by law in effect on the effective date of Amendment 55, are continued for such purposes as is or may be prescribed by the Arkansas Constitution or by law and for such other purposes as may be appropriate. [Emphasis added.]
As stated in Op. Att'y Gen. 91-319, "it thus seems clear that the legislature intended, through passage of the 1979 act, for township lines to be altered in accordance with procedure in place at the time of Amendment 55's adoption." (This procedure, again, gives the power to alter township lines to the "county court," with a right of appeal to the circuit court.) As also noted in Opinion 91-319, however, there may be a constitutional problem with the 1979 act. Article 5, section 23 of the Arkansas Constitution states that:
 No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but only so much thereof as is revived, amended, extended or conferred shall be reenacted and published at length.
The purpose of this constitutional provision is to prohibit "blind legislation." See Hollis Co. v. McCarroll, 200 Ark. 523,140 S.W.2d 420 (1940), at n. 4 and Op. Att'y Gen. 91-319 at 3. I concluded in Opinion 91-319 that the attempt to "revive" a repealed law in this indirect fashion may give rise to a constitutional challenge.
In my opinion therefore, current law (specifically A.C.A. § 14-14-401(b)) provides that the only method to alter or abolish townships is for the county court to order the changes, with a right of appeal to the circuit court. The authority for this procedure, however, might be successfully challenged in court under the provisions of Arkansas Constitution art. 5, § 23. In issuing my 1991 opinion, I noted that corrective legislation should be implemented to address this problem. The legislature has not seen fit as of this date to correct the constitutional question raised by A.C.A. § 14-14-401(b).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] I assume that Marion County has nine quorum court districts because the County has a population between 0 and 19,999, as provided in A.C.A. § 14-40-402 (1987).