Cite as 2020 Ark. 367

# SUPREME COURT OF ARKANSAS
No. CV-19-965

| | |
|---|---|
| | **Opinion Delivered:** November 5, 2020 |
| TOM G. CLOWERS<br><br>APPELLANT<br><br>V.<br><br>MARILYN EDWARDS, FORMER WASHINGTON COUNTY JUDGE; JOSEPH WOOD, CURRENT WASHINGTON COUNTY JUDGE; GEORGE BUTLER, FORMER WASHINGTON COUNTY ATTORNEY; BRIAN LESTER, CURRENT WASHINGTON COUNTY ATTORNEY; GARRETT HARLAN, CURRENT WASHINGTON COUNTY LAW CLERK; TIM HELDER, CURRENT WASHINGTON COUNTY SHERIFF; COLIN JORGENSEN, ASSOCIATION OF ARKANSAS COUNTIES; LESLIE RUTLEDGE, ARKANSAS ATTORNEY GENERAL; ARKANSAS BOARD OF ELECTION COMMISSIONERS; AND ARKANSAS SECRETARY OF STATE'S OFFICE<br><br>APPELLEES | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-19-2340]<br><br>HONORABLE DOUG MARTIN, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

This case is about the scope of a county court's authority to alter township lines and, in turn, alter the number of constable positions. Seven years ago, the Washington County Court entered an order reducing the number of townships and constable positions from fifteen

positions to three. Tom Clowers filed suit against several state and county officials, contending that the order was illegal because constable positions may be changed only by a direct vote of the people. The circuit court dismissed his complaint with prejudice and denied his request for recusal. We find no abuse of discretion and affirm.

I.

In March 2013, Washington County Judge Marilyn Edwards entered an order in the Washington County Court reducing the number of constables in the county. The order created three townships and corresponding constable districts, effective for the 2014 election for constables taking office in January 2015. The three townships together encompassed the entire county. One constable would be elected by each township. In July 2018, Clowers met with current Washington County Judge Joseph Wood to challenge the order. He claimed Judge Wood "seemed to agree" that the order was procedurally erroneous and would be reversed before the next election. But a year later, Judge Wood refused to sign a proposed order restoring the twelve eliminated constable positions.

Clowers filed suit in August 2019. He sued both judges and other former and current Washington County officials, counsel for the Arkansas Association of Counties, and three state officials. The essence of his complaint was that the county judge lacked authority to alter the township lines and thereby alter the number of constables. He claimed that constable positions may only be changed with voter approval. He sought to imprison Judge Edwards for election fraud, claiming that she criminally eliminated the constable positions, as well as the defendants accused of colluding with her. Clowers also asked the circuit court to repeal Amendment 55,

declare the previous elections under the order invalid, and enjoin the next election. He sought over a million dollars in relief and punitive damages.

The county and state defendants moved to dismiss under Rule 12 of the Arkansas Rules of Procedure. The circuit court gave four separate grounds for dismissing the suit with prejudice. It held that: (1) the complaint failed as a matter of law because the county court order was legal; (2) the claims were barred by the statute of limitations; (3) the complaint failed to satisfy our fact-pleading requirements; and (4) the defendants were shielded by various governmental immunities. It also denied Clowers's recusal request.

## II.

When reviewing an order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *See Dockery v. Morgan*, 2011 Ark. 94, at 5–6, 380 S.W.3d 377, 382. No such deference is given to the plaintiff's theories or interpretations of law. *Id.* All reasonable inferences will be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* A complaint must state facts, not mere conclusions, showing that the pleader is entitled to relief. *Id.* Dismissal under Rule 12(b)(6) will be reviewed for abuse of discretion. *Id.* When a complaint is dismissed on a question of law, our review is de novo. *See Dollarway Patrons for Better Schools v. Morehead*, 2010 Ark. 133, at 5, 361 S.W.3d 274, 278.

## III.

Clowers's argument for reversal centers on the legality of the county court order. He does not address the statute of limitations ruling or contend that his complaint meets our fact

pleading requirements. He brusquely dismisses the defendants' immunity arguments in his reply brief but offers no argument for reversal of that ruling. Given the four possible grounds for affirmance, Clowers's decision to challenge only one ground proves fatal to his appeal. When the circuit court bases its decision on multiple independent grounds, but the appellant challenges fewer than all those grounds on appeal, we will affirm without addressing any of the grounds. *See Jones v. Miller*, 2017 Ark. 190, at 4–6, 520 S.W.3d 253, 256; *English v. Robbins*, 2014 Ark. 511, at 6, 452 S.W.3d 566, 561. Yet even if the circuit court's decision was based solely on the legality of the county court order, the outcome remains the same. Clowers's complaint is built on the assertion that the county court order was illegal. But the order was legal as a matter of law and cannot support a claim for relief.

The county judge has a dual role, serving as the county's chief executive officer and presiding over the county court. These distinct roles are recognized in the Arkansas Constitution. *See* Ark. Const. amend. 55, § 3 (executive authority); Ark. Const. art. 7, §§ 28–29, 37 (judicial authority). The County Government Code further delineates the county judge's executive and judicial authority. *See* Ark. Code Ann. §§ 14-14-101 et seq (Repl. 2013). As relevant to our dispute, the county judge presides over the county court and exercises the judicial and ministerial duties of that court. *See* Ark. Code Ann. § 14-14-1301(a)(1). The county court "shall have the authority to divide the county into convenient townships, subdivide those already established, and alter the township lines." Ark. Code Ann. § 14-14-401(b). Indeed, this provision gives county courts "full power over formation of townships in their respective counties—including the power to abolish townships already formed." *Caldwell v. Bd. of Election Commr's of*

4

*Garland County*, 236 Ark. 719, 721, 368 S.W.2d 85, 86 (1963) (interpreting similar language in prior statute).

The county court's exercise of this authority directly impacts constable positions in the county. The position of constable is established in Article 7 of the Arkansas Constitution, which states that "qualified electors of each township shall elect the Constable for a term of two years." Ark. Const. art. 7, § 47. The County Government Code similarly provides that "[t]here shall be elected in each township, as preserved and continued in § 14-14-401, one (1) constable." Ark. Code Ann. § 14-14-1301(b)(2). These provisions make clear that constables are township officers. *See Graves v. Greene County*, 2013 Ark. 493, at 5–6, 430 S.W.3d 722, 726–27. It is also evident that the county court cannot abolish the constable position from a township. Each township must have an elected constable.

But this requirement does not take away from the county court's authority to abolish or alter township lines under section 14-14-401(b). The General Assembly vested this authority in the county court, knowing it would permit the county court to alter the number of constable positions in the county. A county court order changing the number of townships will result in a parallel change in the number of constables in the county. An order altering township lines will likewise alter the constable's territorial jurisdiction, which is generally confined to the boundaries of the township. *See* Ark. Code Ann. § 16-19-301 (Repl. 1999). Counties are not required to maintain a specific number of townships or constable positions. There must simply be one elected constable position in each township.

5

The county court order at the center of this case was a lawful exercise of authority under section 14-14-401.[1] Judge Edwards entered the order in her capacity as the presiding judicial officer over the Washington County Court. By abolishing twelve townships, the county court reduced the number of townships and constable positions to three. The three new townships collectively encompass the entire county. And there remains a constable position in each of the three townships, which is what the law requires.

Clowers's reliance on Amendment 55 and section 14-14-604(3) to challenge the legality of the county court order is misplaced. Amendment 55, in relevant part, outlines the executive powers of the county judge. *See* Ark. Const. amend. 55, § 3. The authority to abolish or alter township lines, however, is statutorily vested in the county court. Amendment 55 did not transfer that power to the county judge as an executive function, thus it remains within the county court, over which the county judge presides. *See* Ark. Code Ann. § 14-14-1105(a). Section 14-14-604(3) is part of the subchapter authorizing the adoption of alternative county government organizations. *See* Ark. Code Ann. § 14-14-601. The statute simply clarifies that the quorum court may not create, abandon, or otherwise modify the position of constable because it is not an "elective county office" under Amendment 55, § 2(b). *See* Ark. Code Ann. § 14-14-604(3). In short, these provisions have no bearing on the county court's decision here. The circuit court correctly held that Clowers's complaint fails as a matter of law.

---

[1]The county court order erroneously cites to Arkansas Code Annotated § 14-14-201, which authorizes the General Assembly to change county boundaries and is not relevant to this case. This appears to be a typographical error.

A final point remains: Judge Martin's refusal to recuse. We review this decision for abuse of discretion. *See Searcy v. Davenport*, 352 Ark. 307, 312, 100 S.W.3d 711, 714 (2003). Judicial impartiality is presumed. *Id.* The question of bias is a matter confined to the conscience of the judge. *Id.* "All judges take an oath to uphold the Constitution and apply the law impartially, and we trust that they will live up to this promise." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 891 (2009) (Roberts, C.J., dissenting) (citations omitted).

Clowers has asserted nothing more than that Judge Martin previously ruled against him in a separate, unspecified case. Adverse rulings standing alone demonstrate neither bias nor lack of impartiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). A party's displeasure with legal rulings does not form an adequate basis for recusal. The exercise of judgment does not show bias. After all, it is what judges must do. He also complains that the case was assigned to Judge Martin over his objection at the time of filing. This argument is not relevant as judges do not choose their cases, and litigants do not choose their judges. *See* Admin. Order No. 14 (each judicial circuit shall randomly distribute cases). There is nothing presented to suggest even an appearance of unfairness, let alone actual bias, and recusal was not warranted.

Affirmed.

BAKER, J., concurs without opinion.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. The majority identifies various procedural problems with Clowers's arguments on appeal, but then disposes of this case on its merits, holding:

> Clowers's complaint is built on the assertion that the county court order was illegal. *But the order was legal as a matter of law* and cannot support a claim for relief.

(Maj. Op. at 4) (emphasis added). I cannot join this holding. Here, the county court issued an order effectively reducing the number of elected constables in Washington County from fifteen to three. The problem, of course, is that the county court engaged in this action without a vote of the people. The Arkansas Constitution provides that a county's quorum court "may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; *provided, however, that a majority of those voting on the question at a general election have approved said action.*" Ark. Const. amend. 55, § 2(b) (emphasis added). Nothing in the majority opinion addresses this most fundamental issue. The majority stretches various legislatively enacted statutes to cover what the county court did here, but even if those statutes did provide that a county court can abandon (or consolidate, etc.) an elective county office without an election, those statutes would be unconstitutional. *See* Ark. Const. amendment 55, § 2(b). For this reason, the county court's order was not "legal as a matter of law," as the majority puts it.[1]

Mr. Clowers's main legal point is that the local government eliminated his job without a vote of the people who elected him, in violation of the Arkansas Constitution. He's right about that. The majority addresses this question but somehow reaches an alternative (and in my opinion, incorrect) conclusion. Accordingly, I must dissent.

*Tom G. Clowers*, pro se appellant.

---

[1]The majority's citation to *Caldwell v. Board of Election Commissioners of Garland County*, 236 Ark. 719, 368 S.W.2d 85 (1963), a case which had nothing to do with elective county offices and which predated amendment 55 by over a decade, is unavailing.

*Colin Jorgensen*, Litigation Counsel, Association of Arkansas Counties, for Washington County appellees Marilyn Edwards, Joseph Wood, George Butler, Brian Lester, Garrett Harlan, Tim Helder, and Colin Jorgensen.

*Leslie Rutledge*, Att'y Gen., by: *Jerry D. Garner*, Ass't Att'y Gen., for State appellees Attorney General Leslie Rutledge, Arkansas Board of Election Commissioners, and Arkansas Secretary of State's Office.